**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | | |
|---|---|---|
| In re:  Chesnel Edmond | ) | Bankruptcy Proc. No. 12-32141 |
| Debtor | ) | Chapter 13 |
| | ) | July 9, 2013 |

## SECOND AMENDED CHAPTER 13 PLAN

1. The debtor submits all or such portion of his future income to the control of the Trustee as is necessary for the execution of the plan. The debtor's employer shall pay to the Trustee the sum of $3,556.40 each month, for 60 months plus $28,451.20 from the debtor's pre-confirmation payments.

    a. Adequate Protection Payments: In the event this plan proposes to pay the balance of a loan secured by the debtor's personal property, then prior to the confirmation of this plan, the debtor must make montly adequate protection directly to the creditor holding the secured claims. Said payments may be deducted from the payment to be made to the Trustee. Upon confirmation said adequate protection payments shall cease and the entire montly plan payment shall be paid to the Trustee for distribution pursuant to this plan

    b. Domestic Support Obligation. The debtor shall pay current domestic support obligations, as defined in 11 U.S.C. Sec. 101(14A), outside of the plan as directed by all applicable state and/or federal court order.

2. From the payments so received, the Trustee shall make disbursements as follows:

1

a. PRIORITY CLAIMS: All claims entitled to priority under 11 U.S.C. Sec. 507 as well as 11 U.S.C. 1305 shall be paid as required by 11 U.S. C. Sec. 1322(a)(2) and (a)(4)

b. SECURED CLAIMS: **Subsequent to**, the above payments, payments to secured creditors whose claims are duly proved and allowed, together with interest, if applicable, as hereinafter set forth:

Mortgage Balance of $186,000.00 plus 5.25% to First Niagara Bank.

The following secured claims have either been deemed unsecured pursuant to the bankruptcy court order dated June 3, 2013 pursuant to 11 U.S.C Sec 506(a) or Sec522(f), or will be deemed unsecured pursuant to 11 U.S.C. Sec 522(f) after motion, notice, hearing, and further order of the court as follows:

| Lien Holder | Total Claim | Secured Portion | Unsecured Portion |
| --- | --- | --- | --- |
| First Niagara | $348,946.51 | $186,000.00 | $162,946.51 |

The debtor shall continue to pay current mortgage payments, current real estate taxes, current automobile loan payments outside of the plan directly to the creditors.

c. GENERAL UNSECURED CLAIMS: Subsequent to the payments to the secured creditors, dividends to general unsecured creditors whose claims are duly proved and allowed as follows:

General unsecured claims (including the foregoing secured claims which are being treated as unsecured claims by virtue of 11 USC Sec. 506(a) or Sec. 522(f), shall be paid not less than 0%. If the debtor's estate is found to be solvent general unsecured claims, which are not tax claims, shall be paid 0% plus interest per annum at the federal judgment rate existing on the date this plan is confirmed and general unsecured claims which are tax claims, shall be paid 0% plus interest at the rate said claims would receive pursuant to applicable non bankruptcy law.

No dividend shall be paid on the unsecured portion of any claim where the rights of the holder of such claim may not be modified pursuant to the provisions of 11 USC 1322 (b)(2). The total of all general unsecured claims is $164,017.52.

3. The debtor does not reject any executory contract.
4. Other terms of the plan: None
5. In no event shall the amount to be distributed to each creditor under the plan be less than the value (as of the effective date of the plan) of the property upon which such creditor had an enforeceable lien, plus the amount, if any, that would be paid such claim if the estate of the debtor were to be liquidated under Chapter 7 of Titlte 11 of the United States Code.
6. With respect to each allowed secured claim
    a. The holder of such claim shall retain the lien securing such claim untilthe earlier of: (1) the payment of the underlying debt determined under non-bankruptcy law; or (2) discharge under Section 1328 and

  b. If the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law; and

  c. The value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim and inno event shall the amount to be distributed to each creditor under the plan be less than the value (as of the effective date of the plan) fo the property upon which such creditor has an enforceable lien.

7. Payments to the Trustee shall be made in installments conforming to the debtor's payment periods over a period of <u>60</u> months in such amounts as may be requird to provide for the payment of all coast of administration, the payment in full of all claims enttitled to priority as defined in 11 USC 507, the present value fo all allowed secured claims, and payments to the unsecured creditors as herein before provided. The debtor's total plan payments to the Trustee shall be no less than <u>$241,835.20</u>.

8. Title to the debtor's property shall re-vest in the debtor after the dismissal of the case of or the closing of the case upon the approval of the Court of the Trustee's final report and account. However, no property received by the Trustee for the purpose of distribution under the plan shall re-vest in the debtor except to the extent that such property is in excess of the amount needed to pay all allowed claims provided in the plan

9. The amount of the debtor's attorneys fees already paid outside the plan is $3,500.00. No attorney's fees will be paid through the plan.

10. Questions regarding this plan shall be directed to the attorney for the debtor.

*[signature]*                                                      Date 7/9/13
Chesnel Edmond

*[signature]*                                                      Date 7/9/13
Counsel for the Debtor
Reine C. Boyer, Esq.
501 King's Highway East, Suite 108
Fairfield, CT 06825
(203) 332-5900
Boyerlaw@yahoo.com